UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CRIMINAL NO. 19-20246
                                            HON. DENISE PAGE HOOD

v.

RICKY HANDSCHUMACHER (D-2),

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL [#52]

**I.    BACKGROUND**

On April 18, 2019, a federal grand jury returned an Indictment charging Defendant Ricky Handschumacher with Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349 (Count 1); Wire Fraud, Aiding and Abetting, 18 U.S.C. §§ 1343 and 2 (Counts 6, 10, and 12); and Aggravated Identify Theft, Aiding and Abetting, 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts 7, 11, and 13). (Doc # 1) On May 16, 2019, the Court appointed the Federal Defender Office ("FDO") to represent Defendant. (Doc # 21) On June 23, 2019, Defendant retained attorney Paul DeCailly ("DeCailly") as counsel.[1] (Doc # 45)

---

[1] When Defendant retained counsel, FDO was thereafter terminated from representing Defendant. (Doc # 21)

1

On July 29, 2019, Defendant filed a Motion for Substitution of Counsel and seeks to have attorney D. Keith Hammond ("Hammond") represent him going forward. (Doc # 52) This Motion is currently before the Court and the Court held a hearing on this matter on August 9, 2019.

II. ANALYSIS

It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 442 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988).

The Local Rules provide that an attorney making an appearance on behalf of a defendant in a criminal case may "withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties." E.D. Mich. L.Cr.R. 57.1(b). The Court may however "deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." *Id.*

As there is no opposition from the Government, the Court grants Defendant's Motion. There is no indication that DeCailly's withdrawal will unduly delay the trial, cause either party to be prejudiced by such substitution, or not be in the interest of justice. The Court also notes that during the hearing, Defendant stated that he consents to being represented by Hammond. Hammond will represent Defendant after he files a notice of appearance within seven days from the date of the entry of this Order. Hammond indicated to the Court during the hearing that he had filed his appearance. However, Hammond's Notice of Appearance (Doc # 45) was stricken since DeCailly never requested to withdraw from representing Defendant pursuant to local rule 57.1(b). (Doc # 49) In granting the instant Motion, the Court permits DeCailly to withdraw from representing Defendant once Hammond refiles his appearance.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Defendant Ricky Handschumacher's Motion to Substitute Counsel (Doc # 52) is **GRANTED**.

IT IS FURTHER ORDERED that Paul DeCailly will be terminated as Defendant Ricky Handschumacher's attorney of record.

IT IS FURTHER ORDERED that Defendant Ricky Handschumacher's new counsel, D. Keith Hammond, will have seven days from the date of the entry of this Order to file a notice of appearance.

**IT IS SO ORDERED.**

DATED: August 12, 2019

s/Denise Page Hood  
DENISE PAGE HOOD  
Chief Judge