

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

United States of America,

No. 19-20246

             Plaintiff,

Hon. Denise Page Hood

v.

D-2 Ricky Handschumacher,

Offense(s):
18 U.S.C. § 1349
Conspiracy to Commit Wire Fraud

             Defendant.

**Maximum Penalty:**
20 (Count 1)
**Maximum Fine:**
Not to exceed $250,000
**Mandatory Supervised Release:**
Up to 3

_____ /

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

**RICKY HANDSCHUMACHER (D-2)** and the government agree as follows:

1.   **Guilty Plea**

    A.   **Count of Conviction**

Defendant will enter a plea of guilty to Count One of the Indictment, which

charges him with conspiracy to commit wire fraud, in violation of 18 U.S.C. §

1349.

B.    **Elements of the Offense**

The elements of Count One are as follows:

> 1. First, that two or more persons conspired, or agreed, to commit the crime of Wire Fraud; and
>
> 2. Second, that the defendant knowingly and voluntarily joined the conspiracy.

The elements of the crime of Wire Fraud are as follows:

> 1. First, that a defendant knowingly participated in scheme to defraud in order to obtain money or property;
>
> 2. Second, that the scheme included a material misrepresentation or concealment of a material fact;
>
> 3. Third, that a defendant had the intent to defraud; and
>
> 4. Fourth, that a defendant used wire communications in interstate commerce in furtherance of the scheme.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Beginning in approximately December of 2017 and continuing through approximately May of 2018, in the Eastern District of Michigan and elsewhere, defendant **RICKY HANDSCHUMACHER (D-2)**—along with others known and unknown—did knowingly, intentionally, and willfully combine, conspire, confederate and agree to commit wire fraud. They knowingly, willfully, and with the intent to defraud—having devised and intending to devise a scheme and artifice

- 2 -

to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made—transmitted and caused to be transmitted (by means of wire communication) writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice.

The goal of this scheme was to obtain cryptocurrency by means of materially false and fraudulent pretenses and representations. The manner and means of this conspiracy involved SIM Hijacking," or "SIM Swapping." This tactic enabled the conspirators to gain control of a victim's mobile phone number by linking that number to a subscriber identity module ("SIM") card controlled by the conspirators—resulting in the victim's phone calls and short message service ("SMS") messages being routed to a device controlled by the conspirators.  Once conspirators had control of a victim's phone number, it was leveraged as a gateway to gain control of online accounts such as the victim's email, cloud storage, and—ultimately—cryptocurrency exchange accounts.

As part of the conspiracy, **RICKY HANDSCHUMACHER (D-2)** directly participated in thefts of cryptocurrency valued (at the time of theft) at approximately $7,020,012.93.

2.    **Sentencing Guidelines**

    A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 78 - 97 months, as set forth on the attached worksheets. If the Court finds:

1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or

2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 78 - 97 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is a maximum of three years.   The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.    **Fine**

There is no agreement as to fines.

- 5 -

E.     **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense. Defendant agrees that this includes, but is not necessarily limited to, paying restitution to the following victims: D.M., S.S., and S.B.

The amount of restitution will be calculated by the government prior to sentencing. Defendant agrees to pay restitution to each of the above listed victims in the amount of the <u>higher</u> of the following values, as calculated in U.S. dollars: (1) the value of cryptocurrency stolen as calculated on the date the theft occurred or (2) the value of cryptocurrency stolen as calculated on the date the Court accepts his guilty plea.

Defendant is jointly and severally liable for these amounts, along with any other co-defendants in this action who are ordered to pay restitution to the same victim for the same theft. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

F.     **Forfeiture**

Pursuant to 18 U.S.C. 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant

agrees to forfeit to the United States his interest in all property, real and personal,

which constitutes or is derived, directly or indirectly, from gross proceeds traceable

to Defendant's conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349,

as charged in Count One of the Indictment.

Specifically, Defendant agrees to forfeit to the United States, his interest in

the following:

- Thirty-eight (38) Bitcoin seized from Ricky Handschumacher (approximate value of $282,400 as of May 9, 2019);

- Nine hundred (900) Ethereum seized from Ricky Handschumacher (approximate value of $434,035 as of May 9, 2019)

Defendant agrees to the entry of one or more orders of forfeiture

incorporating forfeiture of the assets enumerated in this section, including the

Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's

guilty plea, upon application by the United States, at, or any time before, his

sentencing in this case, as mandated by Fed. R. Crim. P. 32.2.  Defendant agrees to

sign such an order, indicating he consents to its entry if requested to do so by the

Government.

Defendant agrees that he will cooperate with the United States by taking

whatever steps are necessary to deliver clear title to property subject to forfeiture

under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), or otherwise, at the time of his guilty plea is accepted.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature of form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to his knowledge have accumulated as a result of illegal activities.

Such assistance will include agreement by Defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in the above-described forfeiture.  Such assistance will further involve an agreement by Defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant also agrees to identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years.  He will identify all assets in which he has or had during that time any financial interest will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property.  Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owner at any time by Defendant.  He also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years.

Non-Abatement of Criminal Forfeiture: Defendant agrees the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the

execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

4.    **Financial Disclosure**

Defendant agrees to make a full pre-sentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution.  Defendant agrees to complete and return the Financial Disclosure Form within three (3) weeks of receiving it from government counsel.  Defendant agrees to participate in a pre-sentencing debtor's examination if requested to do so by government counsel.

5.    **Waiver of Right to DNA Testing**

Defendant waives any right he has to move for an order requiring the DNA testing of evidence that was secured in relation to the investigation or prosecution of this case.

6.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under

Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 7.   Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.  In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 8.   Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

## 9.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 33, the

defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 27 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

## 10.   Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 11.   Collateral Consequences of Conviction

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain

licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

12.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

13.     **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before

defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

14. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 10/18/2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney


John K. Neal
Assistant United States Attorney
Chief, White Collar Crimes

Date: 10/15/2019

Timothy Wyse
Assistant United States Attorney

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

Keith Hammond
Attorney for Defendant

Ricky Handschumacher
Defendant

Date   10.18.19

Date   10.18.19

# WORKSHEET A

# OFFENSE LEVEL

Defendant **Ricky Handschumacher**                    District/Office **Eastern District of Michigan**

Docket Number **2:19-cr-20474**

Count Number(s) **1**                    U.S. Code Title & Section **18 USC** : **1343**          ;      :

*Guidelines Manual* Edition Used: 20**18** (*Note: The Worksheets are keyed to the November 1, 2016 Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1 | Larceny, Embezzlement, and Other Forms of Theft | 7 |
| 2B1.1(b)(1)(G) | Greater than $3,500,000, less than $9,500,000 | 18 |
| 2B1.1(b)(2)(A)(i) | Ten or more victims | 2 |
| 2B1.1(b)(10)(C) | Sophisticated means | 2 |
| 2B1.1(b)(11)(ii) | Use of an illicit authentication feature | 2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.          Sum  **31**

### 2. Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          § _____  **0**

### 3. Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".          § _____  **0**

### 4. Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          § _____  **0**

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.          **31**

---

 Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

✓ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant _Ricky Handschumacher_          Docket Number _2:19-cr-20474_

---

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

| 31 |

**2. Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

| – 3 |

**3. Offense Level Total** (Item 1 less Item 2)

| 28 |

---

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

| I |

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a. Offense Level Total**

   If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

| N/A |

   **b. Criminal History Category**

   If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

| N/A |

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

| 78 | to | 97 |

**7. Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

| N/A | to |

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---
---
---

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant __Ricky Handschumacher__                    Docket Number __2:19-cr-20474__

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

---

**Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐  If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

---

**Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐  If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

---

**Zone C** (See §5C1.1(a) & (d))

☐  If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

---

**Zone D** (See §5C1.1(a) & (f))

☑  If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑  At least one year, but not more than five years if the offense level total is 6 or greater.

☐  No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant __Ricky Handschumacher__      Docket Number __2:19-cr-20474__

## 11. Supervised Release (See §§ 5D1.1 and 5D1.2)

**a.  Imposition of a Term of Supervised Release:**

☐  Ordered because required by statute (See §5D1.1(a)(1)).

☑  Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐  Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐  Ordered because it may be ordered in any other case (See §5D1.1(b)).

**b.  Length of Term of Supervised Release**

Check the Class of the Offense:

☐  Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☑  Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐  Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐  If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐  If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a.  If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

See Rule 11 Agreement.

b.  Enter whether restitution is statutorily mandatory or discretionary:

Mandatory

c.  Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

18 U.S.C. 3663A

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant  Ricky Handschumacher                    Docket Number  2:19-cr-20474

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|   |   | Minimum | Maximum |
|---|---|---------|---------|
| **a.** | **Special Fine Provisions** <br> ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)). <br><br> Enter the sum of statutory maximum fines for all such counts. | | $ N/A |
| **b.** | **Fine Table (§5E1.2(c)(3))** <br> Enter the minimum and maximum fines. | $ 25,000 | $ 250,000 |
| **c.** | **Fine Guideline Range** <br> (Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))). | $ 25,000 | $ 250,000 |
| **d.** | **Ability to Pay** <br> ☐ Check this box if the defendant does not have an ability to pay. | | |

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**                                         $ 100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

Completed by  Timothy J. Wyse                     Date  10/15/19